UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**PATRICIA KENNEDY,**

        Plaintiff,

v.

**DTDT II, INC.,**

        Defendant,
_____/

Case No: 8:19-cv-1856-VMC-AEP

**PLAINTIFF'S MOTION TO REINSTATE CASE
AND INCORPORATED MEMORANDUM OF LAW**

        Plaintiff, Patricia Kennedy, by and through her undersigned counsel, and pursuant to this Court's order of October 28, 2019 [D.E. 22], advises the Court that the Parties have been unable to arrive at a settlement agreement and, therefore, requests the case be reinstated. More specifically:

        1. This is an action brought pursuant to the Title III of the Americans With Disabilities Act, 42 U.S.C. Sections 12181, et seq. ("ADA"), in which the Plaintiff is asking that the Defendant be compelled to remove barriers to assess that exist at a restaurant the Defendant owns and operates.

        2. In late October of this year, the Parties entered into a consent decree, requested the Court approve and retain jurisdiction to enforce the same, and to determine the amount of

1

attorney's fees, costs, and litigation expenses to which the Plaintiff would be entitled. As is currently material, the stipulation for entry of that consent decree said:

> In the event the Court declines to approve and enter the attached Consent Decree or reserve jurisdiction to enforce the terms and conditions thereof, or to determine the amount of attorney's fees, costs, and litigation expenses to which the Plaintiff is entitled, this Settlement Agreement *shall be null and void.*

[D.E. 21](italics added).

      3. By order of October 28, 2019, this Court entered an order declining to reserve jurisdiction. That order read in its entirety:

> The parties have filed a stipulation for approval of consent decree and dismissal of case with prejudice. (Doc. # [21]). In the stipulation, the parties state that "the effectiveness of this stipulation for dismissal is contingent upon the Court's approval of the attached Consent Decree and retaining jurisdiction to enforce the terms and conditions of that Consent Decree and to determine the amount of attorney's fees, costs, and litigation expenses to which the Plaintiff is entitled." (Id.). Furthermore, "in the event the Court declines to approve and enter the attached Consent Decree or reserve jurisdiction to enforce the terms and conditions thereof, or to determine the amount of attorney's fees, costs, and litigation expenses to which the Plaintiff is entitled, this Settlement Agreement shall be null and void." (Id.). Upon review, the Court declines to retain jurisdiction to enforce the terms of the consent decree. It is this Court's practice not to retain jurisdiction to ensure performance of a settlement agreement because a failure to perform should be addressed in a separate breach of contract action. Thus, *the settlement agreement between the parties is null and void.* However, the Court notes that the case was dismissed without prejudice on October 10 subject to the right of the parties, within 60 days of that date, to submit a stipulated form of final order or judgment, or request an extension of time. (Doc. # 20). Thus, *the parties have until December 9, 2019, to continue their negotiations and reach a resolution that is not contingent upon this Court's retention of jurisdiction* to enforce the terms of a settlement agreement or consent decree. *If the parties are unable to reach such an agreement, the case can be reopened* upon the parties' motion and litigated on the merits.

[D.E. 22](italics added).

4. With that, the consent decree was, by its own terms, and as this Court concluded, "null and void."

5. Subsequently, the Parties sought to resolve their differences. No agreement was reached. The consent decree represented a compromise. Without divulging the details, the Parties differ concerning the need to undertake certain remedial efforts and the amount of attorney's fees, costs, and litigation expenses. The Court's deadline aside, the Plaintiff submits that the discussions have reached an impasse and that further delay will do nothing but increase the expenses for all concerned. Thus, this motion.

6. As of the date of the filing of this motion, the Parties have exchanged expert reports. Given the amount of discussion that has taken place, the Plaintiff submits that mediation is unlikely to accomplish anything, requests the Court dispense with the same, and set this case for trial.

**WHEREFORE**, the Plaintiff requests this Court:

A. Reinstate this case.

B. Dispense with mediation.

C. Set this case for trial.

**I HEREBY CERTIFY** that prior to the filing of this motion, I conferred with counsel for the Defendant concerning the relief sought and was advised that the Defendant objects to the relief being sought in this motion.

[INTENTIONALLY BLANK]

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document is being served this 8th day of December, on all counsel of record via the Court's CM/ECF system.

/s/ *Philip Michael Cullen, III,*
**PHILIP MICHAEL CULLEN, III**
Attorney-at-Law – Chartered
Fla. Bar No: 167853
621 South Federal Highway, Suite Four
Fort Lauderdale, Florida 33301
Telephone: (954) 462-0600
Facsimile: (954) 462-1717
CULLENIII@aol.com